IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DOMINICK L REDDICK,

    Petitioner,

v.                                       CASE NO. 1:10-cv-213-MP-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. The Petition stems from Petitioner's 2006 Alachua County conviction of violating the conditions of his probation for previous felony convictions. Petitioner received a life sentence at the conclusion of the violation-of-probation (VOP) proceedings. Respondent filed a response and an appendix ("App.") with relevant portions of the state-court record, and Petitioner filed a reply. Docs. 21, 22, 23. Upon due consideration of the Petition, the Response, the Reply, and the state-court record, the undersigned recommends that the Petition be denied.[1]

## State-Court Proceedings

The relevant portions of the record may be summarized as follows. Petitioner pleaded guilty in three Alachua County criminal cases charging him with grand theft, fleeing or attempting to elude (Case Number 2002-CF-136), burglary with battery (a first

---

[1], Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

degree felony punishable by life imprisonment) and false imprisonment (Case Number 2001- CF-4887), and with violating the conditions of probation in a prior case (Case Number 2001-CF-2732).   App. Exh. C at 27-31; Exh. D at 23-28.  In case number 2002-CF-136, Petitioner was sentenced to two years imprisonment followed by three years of probation, with a recommendation for boot camp.  App. Exh. C at 33-42.  In case number 2001- CF-4887, Petitioner was sentenced to two years imprisonment followed by four years of probation, with a recommendation for boot camp.  App. Exh. C. at 33-42; Exh. D. at 29-41.

In November 2004, Petitioner was charged with violating the terms of his probation in case number 2001- CF-4887 and case number 2002-CF-136 by, *inter alia*, committing new Alachua County offenses including aggravated assault with a deadly weapon, aggravated battery with a firearm, being a felon in possession of a concealed weapon, aggravated fleeing and eluding, and escape.  He was charged in other jurisdictions with escape, attempted first degree murder, being a felon in possession of a firearm, and resisting arrest with violence.  App. Exh. C at 79-80; Exh. D at 79-80.  In addition to the new law offenses, Petitioner was charged with technical probation violations.  *Id*.

Following an evidentiary hearing, the trial court found Petitioner guilty of violating the terms of probation by possessing a firearm.  The evidence adduced at the lengthy VOP hearing included the testimony of a police officer that Petitioner pulled a gun and pointed it at the officer during the course of an arrest, and testimony by multiple eyewitnesses that Petitioner threatened several people at a Halloween party with a gun during a fight, including forcing the gun into the mouth of one of the partygoers.  App.

Exh. E at 12-183. The court found that Petitioner had engaged in conduct that posed a serious risk of injury or death to others, and that the evidence that Petitioner violated the terms of probation was "overwhelming." App. Exh. E. at 180-83. The court sentenced Petitioner to life imprisonment on the burglary with battery count and a consecutive five-year sentence on the false imprisonment count in Case Number 2001-CF-4887. The court sentenced Petitioner to five year consecutive sentences for each of the two counts in Case Number 2002-CF-136. App. Exh. C at 87-90; Exh. D. at 92-95. The First DCA affirmed *per curiam* in a consolidated appeal. App. Exh. M.

Petitioner filed a motion for postconviction relief from the VOP conviction pursuant to Fla. R. Crim. P. 3.850. Petitioner alleged that trial counsel was ineffective for failing to argue for a continuance of the VOP hearing; that the trial court abused its discretion in denying his motion for continuance; that trial counsel was ineffective for failing to prepare for the violation hearing; that trial counsel was ineffective for failing to object to the presentation of evidence of a crime that was not relevant to the proceedings; and that counsel was ineffective for failing to object when the trial court sentenced Petitioner to imprisonment beyond a six-year youthful-offender sentence. App. Exh. N. at 3-37. The trial court summarily denied relief on the merits, except with respect to the claim that trial counsel did not prepare adequately for the violation hearing. App. Exh. N. at 77-80. The court permitted Petitioner to file an amended postconviction motion on that ground, and then also summarily denied relief on the merits of that claim. *Id.* at 119-22. The First DCA affirmed *per curiam* without written opinion. App. Exh. O.

The instant federal habeas petition, which Respondent concedes is timely,

followed. Petitioner asserts four claims for relief: (1) trial counsel was ineffective for failing to properly move the trial court for a continuance of the VOP hearing; (2) counsel was ineffective for failing to investigate Petitioner's case prior to the VOP hearing; (3) counsel was ineffective for failing to object to a sentence that was outside the guidelines; and (4) trial counsel was ineffective for failing to object to "false" testimony at the VOP hearing. Doc. 1.

## **Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) imposes limitations on the scope of this Court's review. Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow*, ___ U.S. ___, 2013 WL 5904117, *4 (2013)(quoting *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841(2010)).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1); *see Burt*, 2013

WL 5904117, *4 (standard for reviewing claims of legal error by state courts is "highly deferential"). This standard "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights." *Id.* This highly deferential standard carries special force in habeas cases asserting ineffective assistance claims: "Especially where a case involves such a common claim as ineffective assistance of counsel under *Strickland*[2]—a claim state courts have now adjudicated in countless criminal cases for nearly 30 years—'there is no intrinsic reason why the fact that a man is a federal judge should make him more competent, or conscientious, or learned . . . than his neighbor in the state courthouse.'" *Id.* (quoting *Stone v. Powell*, 428 U.S. 465, 494, n. 35, 96 S.Ct. 3037 (1976).

In view of the deference afforded to the state courts' adjudication of constitutional claims, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. ___, 131 S.Ct. 770, 786–787 (2011). "'If this standard is difficult to meet'—and it is—'that is because it was meant to be.'" *Id.* (quoting *Harrington*, 131 S.Ct. at 786). "We will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for

---

[2]*Strickland v. Washington*, 466 U.S. 668, 686 (1984) (holding that to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. A court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong).

which federal habeas relief is the remedy." *Id.* (quoting *Harrington*, 131 S.Ct. at 786).

### *Claim 1: Continuance of VOP Hearing*

Petitioner contends that his appointed counsel for the VOP hearing "knew next to nothing" about his case and did not advise Petitioner regarding possible defenses until immediately prior to the hearing, effectively leaving Petitioner with no counsel at the VOP hearing. Doc. 1.

Respondent contends that this claim is unexhausted because although Petitioner argued in his Rule 3.850 motion that counsel should have sought a continuance because his new criminal charges were still pending, he did not assert that counsel should have moved for a continuance because he did not have time to adequately advise Petitioner. Doc. 22.[3]

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all

---

[3] Respondent further contends that Petitioner did not have a Sixth Amendment right to counsel at his probation revocation proceeding. Doc. 22 at 41. That argument has been rejected. *See Ford v. Buss*, 2011 WL 3293509 *2 (N.D. Fla. 2011). While the Supreme Court held in *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) that there is not a federal constitutional right to counsel in *all* probation revocation hearings, there is a presumptive right that counsel should be provided when the probationer requests counsel and has a colorable claim that he has not committed the alleged violations. *Gagnon*, 411 U.S. at 790. State rules require appointment of counsel absent an informed waiver, *Hicks v. State*, 452 So.2d 606 (Fla. 4th DCA 1984), as does Fed. R. Crim. P. 32.1(a)(3)(B) in federal revocation proceedings. In this case, Petitioner contested the VOP charges and the trial court held an evidentiary hearing on the violations, at which Petitioner and several witnesses testified. Under these circumstances, Petitioner "presumptively had a federal due process right to counsel in that proceeding," pursuant to the guidance of *Gagnon*. *Ford*, 2011 WL 3293509 *2.

federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id*. at 1302, 1306. A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010). To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Petitioner contends that he exhausted this claim because he stated in his Rule 3.850 motion that he did not speak to counsel until five minutes prior to the hearing, that counsel told the court he was unable to develop a defense, and Petitioner alleged that counsel did not have an opportunity to advise Petitioner of potential defenses. R. 23.

A review of the record reflects that although Petitioner did mention those points in his motion, the main thrust of his claim (Claim One in the Rule 3.850 motion) was that counsel should have moved for a continuance pending the conclusion of the new criminal charges, and that is how the state court addressed the claim. App. Exh. E. at 93-99. Moreover, Petitioner was provided an opportunity to file an amended postconviction motion on his claim that counsel did not adequately prepare for the hearing, and these arguments could have been raised in connection with that claim. *See id.* at 143-50. Under these circumstances, the Court agrees that Petitioner failed to exhaust the specific claim that he now seeks to assert as Claim 1 in the instant petition. Petitioner makes no argument that he can establish cause or prejudice sufficient to overcome the procedural default.

To the extent that the Petition may liberally be construed as asserting the same claim that was raised as Claim One in his Rule 3.850 motion, Petitioner has not shown that he is entitled to relief. In rejecting this claim on postconviction review, the trial court explained that under *Strickland* a defendant must establish both deficient performance and resulting prejudice to prevail. App. Exh. E. at 123. The court then explained as follows:

> Prior to the start of the violation hearing, trial counsel twice informed the Court that he was not prepared for the hearing and requested a continuance. *See* VOP hearing, dated February 8, 2006, at 2-5; Violation of Probation Hearing, dated February 8, 2006, 2:38 pm, at 6-11. A lengthy discussion was held on the record and the Court denied the motion. *See* Violation of Probation Hearing, dated February 8, 2006, 2:38 pm, at 6-11. Defendant now claims that trial counsel should have argued that because the new criminal charges were still pending, a continuance was necessary to determine Defendant's innocence on those charges.
>
> The actual outcome of Defendant's pending criminal charges was

> not necessarily relevant to his violation of probation. An acquittal on new criminal charges does not prohibit a court from considering those same allegations in a violation of probation proceeding. *See Hill v. State*, 890 So. 2d 485, 486 (Fla. 5th DCA 2004). In order to prove that a defendant has violated his probation, the prosecutor merely has to prove that he has done so by a preponderance of the evidence. *Stewart v. State*, 926 So. 2d 413 (Fla. 1st DCA 2006); *Cowart v. State*, 754 So. 2d 813 (Fla. 1st DCA 2000). The standard of proof at violation of probation hearing is lower than the burden at a criminal trial. *Id.* Even if the Court had granted the continuance until after Defendant's new criminal charges had been resolved, there is no reason to assume that the outcome would have been any different. The Court still could have found Defendant in violation of his probation based on the evidence presented at the violation hearing. Defendant has failed to show how trial counsel's failure to argue this point prejudiced the outcome of his violation hearings. This claim is without merit.

App. Exh. N at 77-80.

Petitioner does not argue that the state court erred in stating that Petitioner could be convicted in the VOP case on a preponderance-of-the-evidence standard notwithstanding the outcome of his new criminal charges. *See* Doc. 1. On this record, Petitioner has made no showing that the state court's rejection of this ineffective-assistance claim on the prejudice prong of *Strickland* was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Burt*, 2013 WL 5904117, *4. Accordingly, Petitioner is not entitled to federal habeas relief on this claim.

### *Claim 2: Counsel's Pretrial Investigation*

Petitioner contends that counsel failed to investigate his case prior to the VOP hearing. He asserts that he had alibi witnesses who were not contacted by counsel, and a different suspect had been identified by a witness in a photo lineup in connection with the firearm-possession charge. Petitioner contends that when he pleaded to the

underlying criminal charge of burglary with battery, he believed that he could receive no more than six years imprisonment if he violated probation, but that his VOP counsel failed to investigate whether his plea was knowing and voluntary. Doc. 1.

Respondent contends that this claim is also unexhausted because Petitioner did not argue in his amended Rule 3.850 motion that counsel failed to contact alibi witnesses and failed to argue that another person was identified in a lineup. Doc. 21. Although phrased somewhat differently in the state court, Petitioner did assert that he was unaware he could receive a life sentence for a probation violation, and also asserted that counsel should have cross-examined a witness, Mr. Baraybar, about the fact that the witness did not identify Petitioner in a photo lineup but did identify someone else. App. Exh. E. at 144-49. The Court concludes that these claims were therefore exhausted in the state court. With respect to the claim that counsel failed to contact alibi witnesses, Petitioner provides no explanation in the Petition as to the identity of such witnesses or how counsel's failure to contact such witnesses prejudiced Petitioner. Such conclusional, unsupported assertions are insufficient to support a claim for federal habeas relief.

In rejecting the analogous claim on postconviction review of Petitioner's amended Rule 3.850 motion, the state court explained as follows:

> In the first claim it appears that Defendant is alleging that the original plea which resulted in him being placed on probation was not voluntarily entered. According to Defendant, when he originally entered his plea of *nolo contendere* on January 6, 2003, he was not informed that if he violated his probation he could be sentenced to life in prison. Without this knowledge, Defendant claims that any subsequent violation of probation was not willful.
>
> During the plea colloquy Defendant was informed three different

times that he was facing a life sentence if he violated his probation. *See* Change of Plea, dated January 6, 2003, at 6; 7; 9. Defendant indicated that he understood those maximum possible sentences and potential consequences of a violation. *Id.* at 8; 9. Although this information may have been misstated in the Petition to Enter Plea of Nolo Contendere, the information was sufficiently clarified on the record. Therefore, Defendant's claim that he was not aware of this potential consequence is conclusively refuted by the record.

Defendant next claims that trial counsel should have asked witness Baraybar if he was able to identify Defendant in the line up administered by the police. According to Defendant, if trial counsel had raised this issue during the hearing, then the Court would have had reason to question Baraybar's credibility, and it would have provided the Court with reason to doubt Defendant's guilt.

Although trial counsel did not ask Baraybar about his ability to identify Defendant in a lineup, he did ask Detective Senn. Senn testified that Baraybar was unable to pick Defendant out of a lineup. *See* Violation of Probation Hearing, dated February 8, 2006, at 112-13.[4] Therefore, the Court was able to consider that Baraybar could not identify Defendant, and weigh this information in determining Defendant's guilt. Defendant was not prejudiced by trial counsel's failure to present this information. This claim is without merit.

Finally, Defendant claims that trial counsel was ineffective for failing to investigate the facts surrounding the incident in Orlando. One of the allegation that was the basis for the violation of probation, was that Defendant was a convicted felon in possession of a firearm. In the instant motion Defendant claims that he had the firearm because he "[took] it away from the person who had initially pulled it out to do harm to a bystander." Defendant claims that therefore his possession was an act of heroism, and should not be considered a willful violation of his probation.

According to Defendant, trial counsel should have brought this to the attention of the Court. Defendant himself discussed his possession of the firearm in great lengths with the Court during the violation of probation hearing. *Id.* at 171-179. Therefore Defendant did not suffer any prejudice as a result of trial counsel not raising this issue. This claim is without merit.

---

[4]The Respondent points out that this testimony was actually provided by a different detective, Detective Schiboula. Doc. 22 at 61. The court's error in identifying the witness in the postconviction decision has no bearing on the court's ultimate conclusions.

(Ex. N at 119-22).

App. Exh. N at 119-22.

To summarize the state court's disposition of the claim, the court rejected Petitioner's contention that his counsel was ineffective for not investigating the voluntariness of his plea with respect to maximum sentencing exposure because the plea colloquy reflected that Petitioner was advised that the burglary-with-battery charge carried a possible life sentence. The court rejected Petitioner's claim that counsel was ineffective regarding witness Baraybar because the information that Petitioner wanted counsel to investigate – Baraybar's failure to identify Petitioner in a photo lineup – was explored during the VOP hearing in the testimony of Detective Senn. Defendant himself testified during the VOP hearing as to his asserted defense (heroism) in possessing the firearm. The state court rejected each of these claims on the prejudice prong of *Strickland* because even if VOP counsel did not explore them at the hearing in the manner suggested by Petitioner, they were either refuted by the underlying criminal record or otherwise sufficiently addressed during the VOP hearing by other means. App. Exh. N at 119-22. Petitioner has made no showing that there is a reasonable probability that the outcome of the VOP hearing would have been different but for these asserted errors by counsel. He has not shown that the state court's rejection of this ineffective-assistance claim on the prejudice prong of *Strickland* was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Burt*, 2013 WL 5904117, *4. Accordingly, Petitioner is not entitled to federal habeas relief on this claim.

***Claim 3: Counsel's Failure to Object to VOP Sentence***

Petitioner contends that his VOP counsel was unaware of the terms of his underlying plea agreement, which did not state that he faced a maximum sentence of life imprisonment for the burglary-with-battery charge, and therefore VOP counsel performed deficiently by failing to object to the VOP life sentence. Doc. 1. Petitioner does not argue, however, that the state court on postconviction review erred in its factual finding that the record of the plea colloquy reflected that Petitioner was clearly advised that the charge carried a maximum sentence of life imprisonment. *See* App. Exh. N at 119-22. As explained above, in view of the lack of factual support for Petitioner's claim regarding the voluntariness of his underlying plea, the state court on postconviction review rejected the claim on the prejudice prong of *Strickland*. Petitioner has made no showing that the state court's assessment of this claim under *Strickland* was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Burt*, 2013 WL 5904117, *4. Accordingly, Petitioner is not entitled to federal habeas relief on this claim.

***Claim 4: Failure to Object to Evidence at VOP Hearing***

Petitioner contends that his VOP counsel was ineffective for failing to object to alleged "false testimony" at the VOP hearing because counsel did not understand that Baraybar never identified Petitioner in a photo lineup. Petitioner again conclusionally contends, without factual support, that he had "alibi witnesses" who were not contacted by counsel. He contends that VOP counsel should have contacted his counsel in the underlying criminal case to discuss the terms of Petitioner's plea agreement with respect to sentencing exposure. Doc. 1. These claims are repetitive of the claims

addressed and rejected above. For the reasons explained above, Petitioner has made no showing that the state court's assessment of these claims under *Strickland* was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Burt*, 2013 WL 5904117, *4. Accordingly, Petitioner is not entitled to federal habeas relief.

## **Certificate of Appealability**

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 1, should be **DENIED** and a COA should be **DENIED.**

**IN CHAMBERS** this 7th day of February 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**