IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DOMINIC L. REDDICK,

    Petitioner,

v.                                       CASE NO. 1:10-cv-00213-MP-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

    Respondents.

_____/

**O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated February 7, 2014. (Doc. 24).  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  I have made a *de novo* determination of any timely filed objections.  Having considered the Report and Recommendation, and any objections thereto timely filed, I have determined that the Report and Recommendation should be adopted.

This matter arises from a violation of probation hearing in Alachua County, Florida, at which Petitioner was sentenced to life imprisonment.  Doc. 22, Ex. E at 1, 181.  The violations were based on Petitioner's alleged commission of a series of additional Alachua County criminal offenses.  Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising four grounds for relief.  (Doc. 1).  Ground one of the petition argues a claim of ineffective assistance of trial counsel.  Specifically, Petitioner argues that trial counsel failed to properly move the court for a continuance of the hearing on the specific basis that trial counsel

was ill-prepared and had failed to adequately consult with Petitioner concerning his potential defenses. *See* Doc. 1 at 4, 7.

The Magistrate Judge's Report and Recommendation found that all of the grounds contained in the instant habeas petition lack merit and, therefore, should be denied. Concerning ground one, the Magistrate Judge found that Petitioner's claim for ineffective assistance of trial counsel is subject to a procedural default. Petitioner failed to properly exhaust this specific claim in his underlying motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. *See* Doc. 24 at 6-9. Although Petitioner's Rule 3.850 motion did mention the specific points alleged in ground one of the instant petition, the main thrust of his Rule 3.850 claim was that "counsel should have moved for a continuance pending the conclusion of the new criminal charges." Further, this is how the state court addressed the claim. *See id.* at 8; *see also* Doc. 22, Ex. N at 76-78.

On February 27, 2014, Petitioner objected to the Report and Recommendation. (Doc. 27). Therein, Petitioner presents a new legal argument concerning whether his ineffective assistance of trial counsel claim in ground one is subject to procedural default. Petitioner argues that the United States Supreme Court's ruling in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), provides cause for Petitioner's failure to exhaust this claim. However, for the reasons stated below, *Martinez* and its progeny do not avail Petitioner of the procedural default, and the instant petition must be denied.

In *Martinez*, the Supreme Court considered whether ineffective assistance of counsel at an "initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." *Id.* at 1315. The case involved review of a conviction out of Arizona, a State that prohibits prisoners from raising claims of

ineffective assistance of trial counsel on direct appeal. Instead, prisoners "must bring the claim in state collateral proceedings." *Id.* at 1313. The Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320. The Court reasoned that such collateral proceedings typically provide "the first occasion to raise" such a claim, and where an attorney errs in such proceedings, "it is likely that no state court at any level will hear the prisoner's claim." *Id.* at 1315, 1316. Likewise, the Court recognized that claims for ineffective assistance of trial counsel often turn on "evidence outside the trial record" and require significant investigation and evidentiary development, activities that an unrepresented prisoner is in no position to undertake. *Id.* at 1317.

In short, *Martinez* provides prisoners cause for overcoming procedural default so long as the following four conditions are met: (1) the petitioner held a substantial claim of ineffective assistance of trial counsel; (2) the petitioner was unrepresented or represented by ineffective counsel during a state collateral review proceeding; (3) the state collateral review proceeding was the initial review proceeding with respect to the ineffective assistance of trial counsel claim; and (4) state law requires that an ineffective assistance of trial counsel claim be raised in an initial-review collateral proceeding. *See Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013).

In this case, Petitioner was convicted in Florida and filed a Rule 3.850 motion for postconviction relief. This Court has previously held that Rule 3.850 proceedings constitute an initial-review collateral proceeding. *See Blackmon v. Pippin*, No. 3:08-CV-510-RV-EMT, 2013 WL 6168889, at *5 (N.D. Fla. Nov. 25, 2013) (noting that a petitioner's first Rule 3.850

proceeding may constitute an initial-review collateral proceeding for purposes of *Martinez*). However, Florida law does not require that claims of ineffective assistance of trial counsel be initially brought in a Rule 3.850 collateral proceeding.  Instead, such claims may be raised on direct appeal.  *See Gore v. State*, 784 So. 2d 418, 437-38 (Fla. 2001); *Foster v. State*, 387 So. 2d 344, 345-46 (Fla. 1980); *see also Jurkowich v. Buss*, No. 3:10-CV-189-MCR-CJK, 2011 WL 6076337, at *6 (N.D. Fla. July 15, 2011) (delineating the circumstances under which a Florida appellate court may consider a claim of ineffective assistance of trial counsel on direct appeal). Thus, cause under *Martinez* may only be established in this matter if *Martinez* applies to state law procedural frameworks that allow, but do not require, prisoners to bring claims of ineffective assistance of trial counsel on direct appeal.

Initially, courts interpreted *Martinez* as not applying to state procedural frameworks such as Florida's.  Both the Fifth and Eighth Circuits viewed *Martinez* narrowly, applying it only where the underlying state law barred "the raising of claims of ineffective assistance of trial counsel on direct appeal."  *Ortiz v. Sec., Dep't of Corr.*, No. 8:11-CV-2410-T-33MAP, 2013 WL 787656, at *11 n.7 (M.D. Fla. March 4, 2013); *see also Ibarra v. Thaler*, 687 F.3d 222, 227 (5th Cir. 2012); *Dansby v. Norris*, 682 F.3d 711, 728-29 (8th Cir. 2012).  In *Ibarra*, the Fifth Circuit analyzed Texas law, which allows prisoners to bring claims of ineffective assistance of trial counsel on direct appeal.  The Court found that because "Texas procedures entitle [prisoners] to review through . . . direct appeal," *Martinez* does not apply.  *Ibarra*, 687 F.3d at 227.  Similarly, the Arkansas law analyzed in *Dansby* allows prisoners "to raise a claim of ineffective assistance . . . on direct appeal."  *Dansby*, 682 F.3d at 729.  Consequently, the Eighth Circuit determined that *Martinez* does not apply to Arkansas law.  *Id.*

The Supreme Court, however, rejected this narrow interpretation in *Trevino v. Thaler*,

133 S. Ct. 1911 (2013). Like the Fifth Circuit in *Ibarra*, the Supreme Court considered whether *Martinez* applies to the Texas procedural system. According to the Court, Texas law permits but does not require defendants initially to raise a claim of ineffective assistance of trial counsel on direct appeal. *Id.* at 1915. However, the "structure and design of the Texas system in actual operation . . . make it 'virtually impossible' for an ineffective assistance claim to be presented on direct review." *Id.* (quoting *Robinson v. State*, 16 S.W.3d 808, 810-11 (Tex. Crim. App. 2000)). The Texas Court of Criminal Appeals itself previously noted that the inherent nature of most ineffective assistance of trial counsel claims requires the development of evidence outside of the trial record. *Id.* (citing *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997) (en banc)). "Only '[r]arely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing a fair evaluation of the merits of the claim . . . .'" *Id.* (quoting *Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999)). Based on these findings, the Supreme Court held that where a state procedural framework makes it "virtually impossible" or "highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal," *Martinez* applies. *Id.* at 1921.

As such, under *Trevino*, *Martinez* would apply to the instant matter only if Florida's procedural framework makes bringing an ineffective assistance of trial counsel claim in a typical direct appeal virtually impossible or highly unlikely. As noted above, Florida courts, like those in Texas, do not prohibit the bringing of ineffective assistance of trial counsel claims on direct appeal. *See Gore v. State*, 784 So. 2d 418, 437-38 (Fla. 2001); *Foster v. State*, 387 So. 2d 344, 345-46 (Fla. 1980). However, Florida has repeatedly held that such claims are typically "not cognizable on direct appeal." *Smith v. State*, 998 So. 2d 516, 522 (Fla. 2008) (citing a series of

prior Florida Supreme Court cases that have held that ineffective assistance of trial counsel claims are, with rare exception, not cognizable on direct appeal). Such claims may only be raised on direct appeal "where the ineffectiveness is apparent on the face of the record." *Gore*, 784 So. 2d at 438. Further, such review is discretionary in that "the appellate court can simply decline review in favor of review by post-conviction motion." *Digsby v. McNeil*, No. 3:07-CV-540-MCR-WCS, 2009 WL 331554, at *9 (N.D. Fla. Feb. 9, 2009); *see also Smith*, 998 So. 2d at 523 (declining to address claims of ineffective assistance of trial counsel on direct appeal in favor of allowing appellant to raise those claims in a postconviction motion); *Zimmerman*, 124 So. 3d 414 (Fla. 5th Dist. Ct. App. 2013) (same).

Given the rarity of direct appellate review, as well as the discretion held by appellate courts over such review, the Florida procedural framework renders the bringing of ineffective assistance of trial counsel claims on direct appeal highly unlikely in the typical case. Thus, pursuant to *Trevino*, *Martinez* applies to the instant matter.

Turning again to the four factors of *Martinez*, Petitioner moved the trial court for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. *See* Doc. 22, Ex. N at 41. As noted above, a Rule 3.850 proceeding constitutes an initial-review collateral proceeding. *See Blackmon v. Pippin*, No. 3:08-CV-510-RV-EMT, 2013 WL 6168889, at *5 (N.D. Fla. Nov. 25, 2013). Petitioner was unrepresented during this proceeding and failed to raise the specific ineffective assistance of trial counsel claim now brought in ground one of the instant habeas petition. Thus, the procedural posture of the underlying case appears to satisfy the requirements for cause under *Martinez*.

However, to establish cause under *Martinez*, Petitioner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that .

. . the claim has some merit." *Martinez*, 132 S. Ct. 1309, 1318-19 (2012). Turning to the merits of Petitioner's ineffective assistance of trial counsel claim in ground one, the Court finds that Petitioner has failed to meet this burden.

Petitioner claims that trial counsel failed to properly move the court for a continuance of the violation of probation hearing on the specific basis that trial counsel was ill-prepared and had failed to adequately consult with Petitioner concerning Petitioner's defenses. *See* Doc. 1 at 4, 7. However, the record directly contradicts this assertion. According to Petitioner's Exhibit A, attached to his petition, trial counsel initially raised this motion during a calendar call on the date of the hearing, stating that he and Petitioner were "not even close to being prepared for" the hearing. Doc. 1, Ex. A at 2. At the start of the hearing, trial counsel renewed his motion to continue, again based on his lack of preparedness. Counsel reiterated that he had been given limited access to Petitioner and, as such, was unable to properly advise Petitioner on his available defenses prior to the hearing. Doc. 22, Ex. E at 6-11. Trial counsel specifically indicated that he felt "uncomfortable proceeding to a hearing where [Petitioner] would be facing a life sentence when [counsel had not] had the -- the fundamental time to sit down and discuss . . . matters with [Petitioner]." *Id.* at 7. The trial court denied counsel's motion to continue. *Id.* at 11. Counsel then renewed the motion as an objection during the hearing. *Id.* at 54-55 . The trial court, again, denied the objection. *Id.*

In asserting a constitutional claim of ineffective assistance of counsel, a petitioner must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686, 691-92 (1984). Petitioner must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Id.* at 698-

700.  In this case, trial counsel cannot be deemed deficient for failing to file a motion that he in fact did file.  Consequently, Petitioner's ineffective assistance of trial counsel claim in ground one of the instant petition is not "substantial" under *Martinez*, and Petitioner has failed to show the requisite cause so as to overcome his procedural default.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation (Doc. 24) is adopted and incorporated by reference in this order.

2. The petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, (Doc. 1) is DENIED.

3. A certificate of appealability is DENIED, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts.

**DONE AND ORDERED** this   *7th* day of April, 2014

 *s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge